IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>     Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
|         vs. | |
| TAYLOR BIRD; and FRED KELLY, as General Personal Representative of the Estate of Julie Martinez,<br><br>     Defendants. | Case No. 2:06-CV-766 TS |

This matter is before the Court on Plaintiff State Farm Life Insurance Company's ("State Farm") Motion for Summary Judgment.[1]  Defendants Taylor Bird and Fred Kelly have not opposed Plaintiff's Motion.  For the reasons discussed more fully below, the Court will grant the Motion.

---

[1]Docket No. 36.

I.  BACKGROUND

State Farm is an Illinois based insurance company that is licensed to issue life insurance policies in the state of Utah.  Defendants are both residents of the state of Utah.  State Farm initiated this action to obtain a declaratory judgment declaring as void a binding receipt for life insurance coverage (the "Binding Receipt") obtained by Ms. Julie Ann Martinez.

On October 5, 2004, Ms. Martinez applied for a life insurance policy with State Farm in the amount of $250,000.  There has been evidence submitted in this case indicating that Ms. Martinez applied for this life insurance policy as part of a plan to defraud State Farm.  According to Ms. Martinez's daughter Melissa, Ms. Martinez stated "[t]hat she was going to take out a life insurance on herself and that they was going to make a fake death certificate to fake her own death and that they was going to give the money to her."[2]  According to Melissa, the "they" her mother referenced was actually Manuel Jaramillo—also known as Manuel Jimenez.[3]  This same Manuel Jaramillo instructed Ms. Martinez to list Ms. Bird as the beneficiary on the life insurance policy.[4]

After Ms. Martinez's life insurance application was submitted, State Farm agreed to provide temporary life insurance coverage to Ms. Martinez under the Binding Receipt.  The Binding Receipt provided that "[t]here is no coverage under this Receipt if the application

---

[2]Docket No. 37 Ex. 3, at 38.

[3]*Id.*

[4]*Id*. at 44.

contains any material misrepresentations."[5]  As part of the application process with State Farm, Ms. Martinez was asked whether in the last five years she: (1) used cocaine, marijuana, narcotics, or any other controlled substance not prescribed by a doctor; or (2) had been treated or counseled, or been advised to seek treatment or counsel, for alcohol or drug use.  Ms. Martinez answered "no" to the foregoing questions.

Ms. Martinez's negative response to each of these questions is directly contradicted by documents maintained by the probation system for the state of Utah.  During the five-year term in question, Ms. Martinez—while on probation for a drug related offense—tested positive for use of cocaine and was referred to an in-patient drug treatment program.[6]  State Farm has provided evidence that under State Farm's underwriting guidelines, Ms. Martinez's drug use and referral to drug treatment in the last five years would have prevented issuance of the life insurance policy for which Ms. Martinez applied.  Additionally, under the same underwriting guidelines, had Ms. Martinez answered truthfully regarding her past drug use and referral, State Farm would not have issued the Binding Receipt.

On October 29, 2004, Ms. Martinez was found dead in Kearns, Utah.  Ms. Martinez died as a result of multiple gunshot wounds she sustained to her head, torso, and right arm.

---

[5]Docket No. 3 Ex. A.

[6]*See* Docket No. 38 Ex. 4.

## II.  STANDARD OF REVIEW

This case is brought pursuant to the Court's diversity jurisdiction.  As such, federal procedural law and the substantive law of the state of Utah apply.[7]

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[8]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[9]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[10]  "The standard is somewhat modified in an unopposed motion for summary judgment."[11] "[I]t is improper to grant a motion for . . . summary judgment simply because it is unopposed."[12]  "It is the role of the court to ascertain whether the moving party has sufficient

_____

[7]*See Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016 (10th Cir. 2001).

[8]Fed. R. Civ. P. 56(a).

[9]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[10]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[11]*Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006).

[12]*E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

4

basis for judgment as a matter of law.  In so doing, the court must be certain that no undisclosed

factual dispute would undermine the uncontroverted facts."[13]

### III.  DISCUSSION

State Farm moves for summary judgment that the Binding Receipt is voidable at its

election because: (1) Ms. Martinez made material misrepresentations during the application

process; and (2) Ms. Martinez obtained the Binding Receipt fraudulently.  The Court will

consider each argument in turn.

### A.      MATERIAL MISREPRESENTATIONS

Utah Code Ann. § 31A-21-105(2) provides that "no misrepresentation . . . affects the

insurer's obligations under the policy unless: (a) the insurer relies on it and it is either material or

is made with intent to deceive; or (b) the fact misrepresented or falsely warranted contributes to

the loss."

Here, there is no evidence that Ms. Martinez's misrepresentations—that she had not used

cocaine, marijuana, narcotics, or any other controlled substance not prescribed by a doctor; or

been treated or counseled, or been advised to seek treatment or counsel, for alcohol or drug

use—contributed to the loss.  However, State Farm has provided evidence that it relied on Ms.

Martinez's misrepresentations about her previous drug use and referral for drug treatment during

its underwriting process and that if Ms. Martinez had been truthful about her previous drug use

and referral it would not have issued the Binding Receipt.  Thus, this issue turns on whether Ms.

Martinez's misrepresentations were material or made with intent to deceive.

---

[13]*Thomas*, 428 F. Supp. 2d at 1163 (citing *Lady Baltimore Foods*, 643 F. Supp. at 407).

"[T]he materiality of a misrepresentation by the insured is determined by the extent to which it initially influenced the insurer to assume the risk of coverage."[14]  As such, "materiality is measured at the time that the risk is assumed and not at the subsequent death."[15]  "A material representation is one which ordinarily would influence a prudent insurer in determining whether to accept or reject a risk, or in fixing the amount of premium in the event of such acceptance, or in excepting some risk or part thereof from coverage."[16]

Ms. Martinez's answers to questions regarding drug use and previous referrals to drug rehabilitation proved to be patently false.  Specifically, Ms. Martinez indicated that she had not used illicit substances or been referred for drug treatment in the past five years.  In reality, as recently as August 5, 2003, Ms. Martinez tested positive for cocaine use and on July 9, 2003, she was referred to an intensive outpatient treatment program to deal with substance abuse issues.  By failing to disclose this history, Ms. Martinez misled State Farm in its review of her application.  State Farm attests that but for these false answers, it would not have issued the Binding Receipt.  State Farm's attestations as to the importance of Ms. Martinez's misrepresentations are not determinative of materiality.[17]  Nevertheless, after review of the

---

[14]*Berger v. Minn. Mut. Life Ins. Co. of St. Paul, Minn.*, 723 P.2d 388, 391 (Utah 1986) (internal citation omitted).

[15]*Id.*

[16]*Fid. & Cas. Co. of N.Y. v. Middlemiss*, 135 P.2d 275, 279 (Utah 1943).

[17]*See Burnham v. Bankers Life & Cas. Co.*, 470 P.2d 261, 263 (Utah 1970) ("[W]hether or not a misstatement in an application is material to the risk . . . depends not upon what the insurer or the insured may think about the materiality or the importance of the false information given or the true information withheld. . . . ").

evidence presented in this case, the Court finds that Ms. Martinez's misrepresentations are of the type that would normally influence a prudent insurer in determining whether to accept or reject a risk and, thus, are material.

Additionally, the evidence supports a finding that Ms. Martinez made the instant misrepresentations with the intent to deceive. "One cannot knowingly conceal or misrepresent facts which one knows would influence the risk or the issuance of the policy, and then be heard to say that he did not intend to deceive or defraud."[18]  Here, Ms. Martinez misrepresented her past drug use and referral for treatment.  Furthermore, Ms. Martinez's daughter testified that her mother submitted her application as part of a plan to defraud State Farm.  These facts support a finding that Ms. Martinez intended to deceive State Farm by holding back information during the application process that would prevent State Farm from issuing the Binding Receipt.

Based on the foregoing, the Court finds as a matter of law that Ms. Martinez made material misrepresentations during the submission of her application for life insurance.  The Binding Receipt contains explicit language limiting or denying coverage if the application contains any material misrepresentations.  Therefore, the Court will grant State Farm's Motion as to this claim.

B.      FRAUD

State Farm asserts that Ms. Martinez committed insurance fraud in this case because "it was her intent that the beneficiary named in the application for life insurance would submit a

---

[18]*Middlemiss*, 135 P.2d at 280.

fraudulent death certificate to State Farm to obtain the $250,000 in life insurance proceeds, which would then be split among those assisting Ms. Martinez."[19]

Utah Code Ann. § 31A-31-103(1) provides in relevant part that:

A person commits a fraudulent insurance act if that person with the intent to deceive or defraud . . . knowingly presents or causes to be presented to an insurer any oral or written statement or representation knowing that the statement or representation contains false, incomplete, or misleading information concerning any fact material to an application for the issuance or renewal of an insurance policy.

As has been discussed previously, Ms. Martinez's daughter testified that her mother intended to "take out a life insurance on herself and that they was going to make a fake death certificate to fake her own death and that they was going to give the money to her."[20]  This testimony supports State Farm's assertion that it was Ms. Martinez's intention to defraud State Farm.

However, State Farm has not presented evidence that Ms. Martinez knowingly presented or caused to be presented any oral or written statement or representation in furtherance of her plan to defraud.  Ms. Martinez applied for a life insurance policy and shortly thereafter died.  No evidence has been provided indicating that Ms. Martinez's death certificate is fraudulent.  Furthermore, from the evidence presented, it appears that Ms. Bird, the beneficiary under the Binding Receipt never provided the death certificate or otherwise attempted to recover under the policy.

---

[19]Docket No. 37, at 11.

[20]*Id*. Ex. 3, at 38.

8

Therefore, with regard to the plan to defraud, State Farm has not pointed the Court to any oral or written statement or representation made by Ms. Martinez during the application process that evinces the conspiratorial intent to defraud.  For this reason, the Court will deny summary judgment on State Farm's second claim.

## IV.  CONCLUSION

In sum, the Court finds that the Binding Receipt is voidable at State Farm's election because Ms. Martinez made material misrepresentations during the application process.  State Farm, at its election, may rescind the Binding Receipt.  Rescission is a restitutionary remedy based in equity that is "designed, to the extent possible, to restore the parties to the position they occupied before the fraud or transaction."[21]  Thus, if State Farm elects to rescind the Binding Receipt, it must return to the estate of Ms. Martinez—presumably through Mr. Kelly, the representative of Ms. Martinez's estate—the sum it received from Ms. Martinez in accepting her application for life insurance.  It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 36) is GRANTED.  The Clerk of Court is instructed to enter judgment in favor of State Farm and against Defendants and to close this case forthwith.

---

[21]*Borghetti v. Sys. & Computer Tech.*, 199 P.3d 907, 914 (Utah 2008) (citing *Breuer-Harrison, Inc. v. Combe*, 799 P.2d 716, 731 (Utah Ct. App. 1990)).

9

DATED   September 7, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge